J. WARREN KEIFER, JR., APPELLANT, v. H. R. SMITH, ET AL, APPELLEES.

FILED JULY 16, 1919. No. 20417.

Officers: LIABILITY: DISCRETION. In the absence of malice, oppression in office, or wilful misconduct, public officers cannot ordinarily be held liable for mistaken exercise of discretion, or error in judgment, in the performance of official duties.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. Affirmed.

Stocker & Foster, for appellant.

Charles A. Chappell, Burkett, Wilson & Brown, George W. Ayres and Nye F. Morehouse, contra.

Morrissey, C. J.

The legislature of 1911 created a stallion registration board, whose duty it was to pass upon pedigrees, and to license stallions for breeding purposes either as pure breds or grades. The members of the board were the secretary of the state board of agriculture, the professor of animal husbandry of the state university, and the deputy state veterinarian. In 1912 the board examined a purported pedigree of a stallion known as "Marquis De Wierre" and certified him as a pure bred Percheron. The horse was not a pure bred, but a grade, and upon a re-examination, two years later, the papers theretofore examined were found to be not genuine, and a renewal of the license was refused.

Plaintiff sued the members of the board for damages resulting from their alleged incompetence, or negligence, in failing to detect the invalidity of the pedigree at the time of its original examination. The petition alleges that the papers were submitted to defendants under a contract obligating plaintiff to purchase the horse, provided he passed the board as a pure bred; that, relying upon the certificate issued by defendants, plaintiff did so purchase him, paid the price of a pure bred for him, and stood him to public breeding as a pure bred; that as a result of defendants' negligence plaintiff suffered damages in the sum of $3,000. The trial court sustained demurrers on the part of each of the defendants to the amended petition, and plaintiff appeals.

The statute made provision for resort to certain specified books in ascertaining whether a pedigree was signed by the proper officers of recognized stud associations, and whether such signatures were genuine. These acts necessarily involved the examination of evidence and the exercise of judgment. The allegations of the petition that "the numbers on said papers purporting to be a good pedigree should have shown * * * that the said paper was void and of no effect," and that "the signature on said purported pedigree should have in-

stantly put the defendants * * * on guard as to its validity,'' sufficiently indicate that defendants' duties were more than ministerial in character. The rule is well established that in the absence of malice, oppression in office, or wilful misconduct, public officers cannot be held liable for mistaken exercise of discretion, or error in judgment, in the performance of duties of a quasi-judicial nature. 22 R. C. L. p. 485, sec. 163; *State v. Hastings,* 37 Neb. 96. The duties of the board in determining the genuiness and validity of the pedigree papers fell within this rule. There can be no liability for mere error or mistake in judgment in the performance of these duties, and the demurrer to the petition was properly sustained.

Several other propositions have been urged by defendants in support of the judgment of the district court. Among these is the claim that defendants could in no event be liable as public officers because they never occupied a *de jure* office. This claim is based on the fact that chapter 1, Laws 1911, which created the stallion registration board, was subsequently declared unconstitutional as an attempt on the part of the legislature to create state officers. *Iams v. Mellor,* 93 Neb. 438. Whether defendants might be *de facto* officers, even though no *de jure* office existed, it is unnecessary to decide.

The judgment of the district court is

AFFIRMED.

Rose, J., dissents.